NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MIKHAEL NICHOLAS BROWN, *Petitioner*.

No. 1 CA-CR 15-0783 PRPC
FILED 6-20-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-007751-001 DT
The Honorable Jeanne M. Garcia, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Mikhael Nicholas Brown, Tucson
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

**¶1** Petitioner, Mikhael Nicholas Brown, seeks review of the trial court's dismissal of his petition for post-conviction relief. "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion." *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4, 166 P.3d 945, 948 (App. 2007) (citation omitted). After considering the petition for review, we grant review but deny relief.

**¶2** Brown was indicted on Count I, conspiracy to commit possession of marijuana for sale, a class two felony; Count II, possession of marijuana for sale, a class two felony; and Count III, possession of drug paraphernalia, a class six felony.[1] The State proceeded to allege (1) Brown had at least two historical prior felony convictions; (2) Brown had committed the charged offenses while on release from confinement pursuant to Arizona Revised Statutes section 13-708 (Supp. 2011); and (3) aggravating circumstances other than prior convictions existed. Brown pled guilty to Count I as amended to reflect attempt to commit possession of marijuana for sale, a class three felony, with one prior felony conviction.[2] The superior court subsequently sentenced Brown, per the plea agreement, to 6.5 years' imprisonment, with credit for 596 days of pre-sentence incarceration, and ordered that the sentence be served concurrently with Brown's sentences in other cases.

**¶3** Brown's timely "of right" petition for post-conviction relief raised three claims. Brown's first petition argued (1) ineffective assistance of trial counsel for failing to communicate a plea agreement offer and for failing to conduct a *Donald* advisory pursuant to *State v. Donald*, 198 Ariz.

---

[1] The State filed a motion to amend the indictment solely to caption Brown's true name.

[2] Pursuant to the plea agreement, Counts II and III were dismissed.

406, 10 P.3d 1193 (App. 2000); (2) prosecutorial misconduct for a *Brady* violation under *Brady v. Maryland*, 373 U.S. 83 (1963), for making a statement on the record Brown believed to have been inaccurate; and (3) discovery of a violation of his constitutional rights under the guise of newly discovered evidence. Brown's amended petition also raised ineffective assistance of previous trial counsel for failing to challenge the grand jury proceeding and for failing to properly explain the plea agreement and sentencing range, which he asserted invalidated his plea because he did not enter the plea knowingly, intelligently, or voluntarily.

**¶4** The trial court set an evidentiary hearing. At the evidentiary hearing, the court limited the issues to be argued to ineffective assistance of counsel, the alleged failure to advise Brown of the plea offer, and whether a *Donald* advisory was conducted at the time of the plea offer. The court took the matter under advisement and dismissed the petition for post-conviction relief in an order that clearly and correctly ruled on the issues raised.

**¶5** On review, Brown raises the single issue of ineffective assistance of counsel, arguing that trial counsel did not communicate the plea offer of four-to-six years' imprisonment and, therefore, Brown did not have the opportunity to reject the offer he claims he surely would have accepted. Whether to grant or deny post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32 is within the trial court's discretion, and this court will not reverse the trial court's decision absent an abuse of that discretion. *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986), *criticized on other grounds by State v. Amaral*, 239 Ariz. 217, 220, ¶ 10, 368 P.3d 925, 928 (2016). "We examine a trial court's findings of fact after an evidentiary hearing to determine if they are clearly erroneous." *State v. Berryman*, 178 Ariz. 617, 620, 875 P.2d 850, 853 (App. 1994) (citation omitted). Further, in reviewing an exercise of discretion,

> the question is not whether the judges of this court would have made an original like ruling, but whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason. We cannot substitute our discretion for that of the trial judge.

*Assoc'd Indem. Corp. v. Warner*, 143 Ariz. 567, 571, 694 P.2d 1181, 1185 (1985) (quoting *Davis v. Davis*, 78 Ariz. 174, 179, 277 P.2d 261, 265 (1954) (Windes, J., specially concurring)). The trial court conducted an evidentiary hearing and, after considering the testimony of the witnesses, the record, and the relevant legal authority, determined Brown's claims were meritless.

¶6      The witnesses' testimony coupled with the record demonstrates Brown was aware of the plea offer and knowingly rejected it. Although Brown was not given a *Donald* advisement as to the four-to-six-year plea offer, he had previously been so advised when the State extended an offer of three-to-five years' imprisonment.

¶7      To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance caused him prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), *superseded by statute on other grounds*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996); *State v. Nash*, 143 Ariz. 392, 397-98, 694 P.2d 222, 227-28 (1985) (adopting the *Strickland* test). To show prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985). Further,

> [t]o show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Missouri v. Frye*, 566 U.S. 133, 147 (2012) (citation omitted). The record on review indicates Brown initially rejected every offer because he maintained his innocence and was determined to go to trial. Brown does not demonstrate that, but for the knowledge afforded by hindsight, there exists a reasonable probability he would have entered the plea deal. In fact, the record evidences the contrary. Brown has failed to sustain the burden of

demonstrating that trial counsels' representation was deficient and has also failed to convince this court that he surely would have accepted the four-to-six-year offer.

¶8         Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA